UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-81174-CIV-ZLOCH

G. MUSTAPICK COMPANIES, INC.

        Plaintiff,

v.

MID-CONTINENT CASUALTY CO.,
INC.,

        Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Mid-Continent Casualty Company's Motion to Compel Plaintiff to Respond to Defendants' Request for Production of Documents [D.E. 10], upon referral for disposition by the Honorable William J. Zloch. *See* D.E. 15. I have reviewed Defendant's Motion, all filings in support thereof,[1] and the case file. Based on my consideration of these materials, I now grant Defendant's Motion.

### *Background*

This matter arises out of a prior dispute between Plaintiff G. Mustapick Companies, Inc. ("Mustapick"), a general contractor, and the Aboviches, homeowners who contracted with Mustapick for Mustapick to build a high-end custom home. *See* D.E. 1 at 21.[2] According to the

---

[1] The record contains no filings in opposition to Defendant's Motion. Plaintiff neither filed a response to Defendant's Motion nor responded to the Court's Order to Show Cause why Defendant's Motion should not be granted [D.E. 16].

[2] Some docket entries, including this one, have two page-numbering systems resulting in different page numbers on the same page: the page number of the original document and the page

Complaint in this case, the Aboviches advised Mustapick in 2003 that windows in the residence were leaking and causing damage to the interior of the residence. *Id.* At that time, Mustapick contacted Manning Building Supplies, Inc. ("Manning"), the company that had sold and installed the windows on the Abovich home, to repair the deficiencies. *Id.* Between 2003 and 2007, Manning attempted to remedy the problem, but, ultimately, Mustapick concluded that the windows were faulty. *Id.*

In the meantime, Mustapick made a claim with its insurance carrier, Defendant Mid-Continent Casualty Company, Inc. ("MCC"), but MCC denied Mustapick's claim. *Id.* Despite additional attempts to fix the leaks, Mustapick was unsuccessful, and the Aboviches threatened a lawsuit. *See id.* Consequently, Mustapick settled with the Aboviches for $360,000.00. *See id.* at 1.

Subsequently, Mustapick filed suit against MCC and Manning in Florida state court. *See* D.E. 1 at 19. In the Complaint, Mustapick seeks in Count 1 a declaratory judgment stating that MCC has a duty to defend and indemnify Mustapick for the damages Mustapick sustained as a result of Manning's alleged work, as well as all attendant fees and costs associated with bringing the action. *See id.* at 22-23. Count 2 of the Complaint seeks contribution from Manning relating to its alleged role in the damages that the Aboviches suffered and for which Mustapick paid. *Id.* at 23-24.

Before the judge in the state case, MCC sought to sever the action for purposes of trial so that separate trials would be held on Counts 1 and 2 of the Complaint. *See* D.E. 11 at 2; D.E. 11-1; D.E. 11-2. The state judge granted MCC's motion, severing the case for purposes of trial, but continuing to proceed with both claims in the case under a single case number. *See* D.E. 11 at 2.

---

number imprinted across the top of the page by the Court's CM/ECF system. This Order refers to the page numbers left by the Court's CM/ECF system.

During the course of the continuing litigation in the state case, Manning served Mustapick with interrogatories. *See* D.E. 1 at 1, 5-13. In responding to the interrogatories, Mustapick stated that it had paid $360,000.00 to the Aboviches in settlement of the Aboviches' potential claim. *See id.* at 16. Based on this response, MCC, which is domiciled in Oklahoma, removed its part of the state case to this Court. *See* D.E. 1.

Eighty-five days later, Mustapick filed its Motion for Remand [D.E. 11]. Although MCC opposed Mustapick's Motion for Remand, *see* D.E. 13, arguing, among other contentions, that Mustapick's Motion for Remand must be denied for untimeliness, Mustapick did not file a reply brief. Mustapick's Motion for Remand is currently set for a hearing on March 9, 2010. *See* D.E. 21.

Meanwhile, MCC filed the pending Motion to Compel. In its Motion to Compel, MCC asserts that it propounded its First Request for Production of Documents to Mustapick on September 3, 2009. D.E. 10 at 1. According to MCC, however, Mustapick did not respond. *Id.* at 1-2. On October 7, 2009, and October 15, 2009, MCC sent letters to Mustapick reminding Mustapick of its obligations to respond. *Id.* at 2; *see also* D.E. 10-2; D.E. 10-3. Also on October 15, 2009, MCC sent Mustapick a letter indicating that if Mustapick failed to respond to the discovery requests by October 31, 2009, Mustapick would file a motion to compel, which it attached to the correspondence. D.E. 10 at 2; *see also* D.E. 10-4. Once again, Mustapick did not respond. D.E. 10 at 2. Consequently, on November 2, 2009, MCC filed the pending Motion to Compel.

On January 20, 2010, the Honorable William J. Zloch referred MCC's Motion to Compel to me for disposition. *See* D.E. 15. Also on January 20, 2010, this Court issued an Order to Show Cause requiring Plaintiff to explain why the Court should not grant MCC's Motion to Compel. *See* D.E. 16. In the Order to Show Cause, the Court noted, "Plaintiff's failure to comply with this Order

may constitute grounds for the Court to grant Defendant's Motion to Compel by default." *Id.* at 1-2. Once again, Plaintiff did not respond.

### *Analysis*

Rule 34, Fed. R. Civ. P., governs requests for production. Under that rule, once a party propounds requests for production, generally, "[t]he party to whom the request is directed must respond in writing within 30 days after being served. . . ." Fed. R. Civ. P. 34. Pursuant to this Court's Local Rules, "[a]ny ground [for objection] not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." S.D. Fla. L.R. 26.1.G.3.(a). Thus, Mustapick, which has filed no response to the Requests for Production, has waived any objections it might have under the Local Rules.

Moreover, Mustapick has defaulted on MCC's Motion to Compel. In this regard, the Court notes that Mustapick has had repeated opportunities to explain its failure to respond to the Requests for Production, but it has not done so. First, MCC sent two letters to Mustapick reminding Mustapick of its obligations under the Federal Rules of Civil Procedure to respond to MCC's Requests for Production. Second, MCC sent a third letter to Mustapick noting that it would file what is now the pending Motion to Compel if Mustapick did not respond to the discovery requests within the following sixteen days. Third, after MCC filed its Motion to Compel, the Local Rules required Mustapick to file a response. *See* S.D. Fla. L.R. 7.1.C. ("Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default."). Finally, the Court ordered Mustapick to file a response explaining why the Court should not grant MCC's Motion to Compel. *See* D.E. 16. In view of these facts, the Court

is inclined to grant MCC's Motion to Compel.

Nevertheless, this Court must ensure that the production requests do not plainly exceed the bounds of fair discovery. *See Hernandez v. Mohawk Inds., Inc.*, 2009 WL 2208163, *6 n.11 (collecting cases). Rule 26(b), Fed. R. Civ. P., governs the scope of discovery. That rule provides, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." R. 26(b)(1), Fed. R. Civ. P. The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Adv. Com. Notes, 1946 Amendment, R. 26, Fed. R. Civ. P. (citations omitted). Indeed, the Advisory Committee Notes approvingly cite language from a case stating that "the Rules . . . permit 'fishing for evidence as they should.'" *Id.* (citation omitted); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

The courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure. As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)[3] (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964)).

With these guidelines in mind, the Court has reviewed MCC's Requests for Production [D.E. 10-1]. Upon doing so, the Court finds that all of the Requests for Production appear to seek materials falling within the scope of permissible discovery under Rule 26(b). Consequently, the Court **GRANTS** MCC's Motion to Compel. Plaintiff Mustapick shall respond to MCC's Requests for Production by **5:00 p.m. on Wednesday, March 10, 2010.**

Additionally, the Court notes that Rule 37(a)(5), Fed. R. Civ. P., provides that when a court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . ." In discussing the intent of what is now Rule 37(a)(5), the Advisory Committee Notes to the 1970 amendments to Rule 37 stated, "The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." *See also Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified.").

"[D]iscovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney*, 989 F.2d at 1163 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565

---

[3]Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

(1988) (citations omitted)). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on a different basis by Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

A review of the record reveals no justification for Mustapick's utter failure to respond in any way to MCC's Requests for Production, MCC's Motion to Compel, and this Court's Order to Show Cause. The Court, however, will provide Mustapick with one last chance to demonstrate that its lack of response to MCC's Requests for Production is substantially justified or that other circumstances render an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Should Mustapick wish to take advantage of this opportunity, Mustapick shall file its brief regarding this issue by **Friday, March 12, 2010**. If Mustapick chooses not to do so, for the foregoing reasons, the Court will find that it must impose reasonable expenses on Mustapick, an amount that the Court finds to be $500. In the case that Mustapick does not file a brief explaining why its conduct was substantially justified or why circumstances make an award of expenses unjust, Mustapick shall pay the $500 to MCC by **Friday, April 2, 2010**.

## *Conclusion*

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Defendant Mid-Continent Casualty Company's Motion to Compel Plaintiff to Respond to Defendants' Request for Production of Documents [D.E. 10] is **GRANTED**.

1. Plaintiff Mustapick shall respond to MCC's Requests for Production by **5:00 p.m. on Wednesday, March 10, 2010**; and

2. Plaintiff Mustapick shall either

      A.      file a brief explaining why its conduct was substantially justified or why circumstances make an award of expenses unjust, by **Friday, March 12, 2010**, or

      B.      pay MCC $500 by **Friday, April 2, 2010**.

**DONE AND ORDERED** this 3rd day of March, 2010.

*[signature]*

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch
       Counsel of Record